# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HORMOZDI LAW FIRM, LLC, a Georgia Limited Liability Company, on behalf of itself and all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| ADVANTAGE INVESTIGATIVE SERVICES, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, HORMOZDI LAW FIRM, LLC, ("Plaintiff"), brings this action against Defendant, ADVANTAGE INVESTIGATIVE SERVICES, LLC ("Defendant"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## INTRODUCTION

1. This case challenges Defendant's policy and practice of sending unsolicited facsimiles.

2. The Telephone Consumer Protection Act ("TCPA"), 47 USC § 227, prohibits

1

a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited fax prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA to recover declaratory relief, statutory damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper in the Northern District of Georgia because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff, HORMOZDI LAW FIRM, LLC, is, and at all times mentioned herein, was a Georgia limited liability company located in Norcross, Gwinnett County, Georgia

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(10).

9. Defendant, ADVANTAGE INVESTIGATIVE SERVICES, LLC, is a limited liability company that specializes in investigative services. It has a principal place of business in Warner Robins, Houston County, Georgia, and is organized under the laws of Georgia.

10. Defendant is, and at all times mentioned herein, a "person," as defined by 47 U.S.C. § 153(10).

## FACTS

11. On or about September 12, 2019 at 8:12 p.m., Defendant transmitted by facsimile machine a two-page unsolicited advertisement to Plaintiff. The fax advertises "investigative services" offered by Defendant. A copy of this fax is attached hereto as Exhibit A.

12. Defendant created or made Exhibit A, which Defendant knew or should have known is a good or service which Defendant intended to, and did in fact, distribute to Plaintiff and the other members of the class.

13. Exhibit A is part of Defendant's work or operations to market Defendant's goods or services which were performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

14. Defendant did not have Plaintiff's prior express invitation or permission to send an advertisement to Plaintiff's fax machine.

15. While receiving Defendant's unsolicited fax, Plaintiff and the class members lost the use of their fax machine, paper, and ink toner. The unsolicited fax wasted Plaintiff's and the class members' valuable time that would have been spent on something else. The unsolicited fax interrupted Plaintiff's and the class members' privacy. The unsolicited fax prevented Plaintiff's and the class members' fax machines from receiving authorized faxes, prevented their use for authorized outgoing faxes, caused undue wear and tear on their fax machines, and required additional labor to attempt to discern the source and purpose of the unsolicited messages.

## CLASS ALLEGATIONS

16. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

17. In accordance with FRCP 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising investigative services by or on behalf of Defendant, (3) from whom Defendant did not obtain prior express permission or invitation to send that fax, and (4) with whom Defendant did not have an established business relationship.

18. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

19. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees

20. <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

21. <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

   a. Whether Defendant sent faxes promoting its investigative services;

   b. The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which it sent the fax attached as Exhibit A to Plaintiff's Class Action Complaint;

   c. Whether Defendant faxed an advertisement without first obtaining the recipient's express permission or invitation;

   d. Whether Defendant's advertisement contained the opt out notices required by the law;

   e. Whether Defendant sent fax advertisements knowingly or willfully;

   f. Whether Defendant violated 47 U.S.C. § 227;

   g. Whether Plaintiff and the other Class members are entitled to statutory damages;

   h. Whether the Court should award treble damages; and

   i. Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

22. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax

advertisement from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

23. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)].</u> Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23(B)(1)]:</u> Class certification is appropriate because the prosecution of individual actions by class members would:

   a. Create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant; and/or

   b. As a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

25. <u>Common Conduct [Fed. R. Civ. P. 23(B)(2)]:</u> Class certification is also appropriate because Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. §227.

26. <u>Predominance and Superiority [Fed. R. Civ. P. 23(B)(3)]:</u> Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

   a. Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

   b. Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

   c. Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

   d. The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs;

   e. This case is inherently managed as a class action in that:

      i. Defendant identified persons or entities to receive the fax transmissions and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify class

members and establish liability and damages;

ii. Liability and damages can be established for the Plaintiff and the class with the same common proofs;

iii. Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

v. A class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi. As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## **CLAIMS FOR RELIEF**

27. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

28. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

29. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

30. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

31. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an

opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

32. Defendant faxed unsolicited advertisements to Plaintiff in violation of 47 U.S.C. § 227(b)(1)(C).

33. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products or services; and (b) that Exhibit A is an advertisement.

34. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's fax through Plaintiff's and the Class Members' fax machines. Defendant's fax cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

35. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a. Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Declare Defendant's conduct to be unlawful under the TCPA;

c. Award $500 in statutory damages under the TCPA for each violation, and if the Court determines the violations were knowing or willful then treble those damages;

d. Enjoin Defendant from additional violations;

e. Award Plaintiff and the Class their attorney's fees and costs;

f. Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: November 14, 2019      RESPECTFULLY SUBMITTED,

By: /s/ Charles M. Clapp_____
    Charles M. Clapp
    GA Bar No. 101089
    5 Concourse Parkway NE
    Suite 3000
    Atlanta, Georgia 30328
    Tel: 404.585.0040
    Fax: 404.393.8893
    charles@lawcmc.com
    *Attorney for Plaintiff*

# EXHIBIT A



Advantage Investigative Services was established in 1996. We are local, state and federal trained law enforcement officers with over 22 years of experience. We would like to provide you a level of professionalism and quality of work that you are accustomed to. AIS website www.aisinvestigator.com provides detail information about the service we provide. A few of the provided services below:

- Background Check
- Surveillance
- Rent GPS Devices
- Recorded Interviews
- Infidelity Cases
- Civil Investigations
- Skip Traces
- Personal Injury Cases

We offer a monthly surveillance rate of $3,000.00, which includes use of GPS device (if applicable) to show a pattern of activity and a complete case file ready for court. This is the most affordable deal in comparison to hourly rate. Investigator will conduct surveillance as necessary to prove or disprove activity.

Hourly rates are as follows:

- 55.00 per hour with no mileage charge or Flat rate of $450.00 for 9-hour day.
- No charge per hour for drive time to investigation location
- Rent GPS device- We manage the tracking and generate a report (Legal Use Only) 225.00 per day – No set hours -- Will monitor when subject is in motion and generate a report.

We are hoping to provide investigative services to you.

**Advantage Investigative Services**
Regginal A. Perry
Private Investigator
www.aisinvestigator.com
478.972.0801

